**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**KEVIN ANTINUCHE,**

                              **Petitioner,**

                                                          **9:11-cv-780**
                    **v.**                                **(GLS)**

**UNITED STATE OF AMERICA**

                              **Respondent.**

---

**APPEARANCES:**                        **OF COUNSEL:**

**FOR THE PETITIONER:**

KEVIN ANTINUCHE
Last Known Addresses:
96-A-7323
Upstate Correctional Facility
P.O. Box 2001
Malone, New York 12953

**Gary L. Sharpe**
**District Court Judge**

## DECISION AND ORDER

The court cannot locate *pro se* petitioner, Kevin Antinuche.

Accordingly, it considers *sua sponte* Antinuche's noncompliance with this

District's Local Rules by failing to notify the court of his current address

and by not prosecuting his action.

On February 20, 2009 in the Eastern District of New York, Kevin Antinuche filed a petition for a writ of *habeas corpus*. *See Dkt. No.* 1*.* On April 18, 2011, the case was transferred to the Northern District of New York. *See April 18, 2011 text only order.* On July 21, 2011, an order was issued directing Antinuche to sign and file an affidavit pursuant to Rule 11 as discussed in the Decision and Order. Upon compliance, the Clerk would forward the file to the Court for further review. At that time, he was advised of his obligation to adhere to the Federal and Local Rules even though he was a *pro se* litigant. *See Dkt. No.* 9. The petitioner has not complied with this order. This district has expended considerable effort in order to familiarize *pro se* litigants with those Rules by reminding them of their obligations in various documents and orders mailed to them, and by preparing a Pro Se Handbook that is easily accessible. See http://www.nynd.uscourts.gov. In fact, copies of the Handbook have been provided to all prison libraries in the Northern District.

In relevant part, Local Rule ("L.R.") 10.1(b) provides:

> **All ... pro se litigants must immediately notify the court of any change of address.** The notice of change of address is to be filed with the clerk of the court and served on all other parties to the action. The notice must identify each and every action for which the notice shall apply.... (emphasis in original).

In turn, L.R. 41.2(b) provides that the "[f]ailure to notify the Court of a change of address in accordance with L.R. 10.1(b) may result in the dismissal of any pending action."

L.R. 41.2(b) mirrors Rule 41(b) of the Federal Rules of Civil Procedure, which affords the court discretionary authority to dismiss an action because of the failure to prosecute or to comply with any order of the court.  *Link v. Wabash R.R. County Indep. Sch. Dist.*, 370 U.S. 626 (1962); *see also*, *Lyell Theater Corp. v. Loews Corp.*, 628 F. 2d 37 (2d Cir. 1982).

On July 21, 2011, the court issued a Decision and Order directing the petitioner to sign and file an affidavit pursuant to Rule 11*. See Dkt. No.* 9.  Antinuche's copy was mailed to his last known address, but was returned as released.  *See Dkt. No.* 10.

On August 8, 2011, the Court issued an order directing Antinuche to notify the court within fourteen days of his current address and/or verify that his mailing address as listed in the caption of this order.  *See Dkt. No.* 11.  The court warned Antinuche that his failure to comply with the order could result in dismissal for failure to comply with L.R. 10.1(b) and 41.2(b).

A copy of the order was sent to the last known addresses of the petitioner.

On August 17, 2011, Antinuche's copy of the order was marked return to

sender - released.  See Dkt. No. 12.

For the orderly disposition of cases, it is essential that litigants honor

their continuing obligation to keep the court informed of address changes.

*Michaud v. Williams*, 98cv1141,1999 WL 33504430, at *1 (N.D.N.Y. Nov.

5, 1999) (citing *Fenza v. Conklin*, 177 F.R.D. 126 (N.D.N.Y. 1998) (Pooler,

then D.J.).  As Judge Pooler has observed:

> It is neither feasible nor legally required that the
> clerks of the district courts undertake independently to
> maintain current addresses on all parties to pending
> actions.  It is incumbent upon litigants to inform the clerk of
> address changes, for it is manifest that communications
> between the clerk and the parties of their counsel will be
> conducted principally by mail.  In addition to keeping the
> clerk informed of any change of address, parties are
> obliged to make timely status inquiries.  Address changes
> normally would be reflected by those inquiries if made in
> writing.

*Dansby v. Albany County Corr. Staff,* 95cv1525, 1996 WL 172699, *1

(N.D.N.Y. Ap. 10, 1996) (citations omitted)).

As a matter of course, courts in this district have dismissed actions

when litigants have failed to abide by either the Local Rules or orders

related to address changes, and have subsequently failed to prosecute

4

their actions.  *See Williams v. Faulkner*, 95cv741, 1998 WL 278288

(N.D.N.Y. May 20, 1998); *Dansby*, 1996 WL 172699, at, *1; *Fenza*,

177 F.R.D. at 126; *cf. Michaud*, 1999 WL 33504430, at *1.

Antinuche's failure to provide this court with a change of  address

warrants dismissal.  Rule 41(b) of the Federal Rules of Civil Procedure

allows a court to dismiss an action for failure to prosecute. According, it is

hereby

**ORDERED** that Antinuche's petition is **DISMISSED** for failure to

notify the court of his current address, failure to prosecute and for failure

to comply with this court's August 8 order, and it is further

**ORDERED** that the Clerk of the Court serve copies of this Order to

the parties by regular mail at the address listed in the caption; and it is

further

**ORDERED** that the Clerk serve petitioner at his last known address.


**SO ORDERED.**

**Dated:**      **August 30, 2011**
              **Albany, New York**

Gary L. Sharpe
U.S. District Judge

5